946 So.2d 410 (2006)
Pamela EVANS, Appellant
v.
HORACE MANN LIFE INSURANCE COMPANY and Leo Hawkins, Jr., Appellees.
No. 2005-CA-00254-COA.
Court of Appeals of Mississippi.
June 13, 2006.
Rehearing Denied January 16, 2007.
*411 Precious Tyrone Martin, Dawn Laverne Stough, attorneys for appellant.
Arthur F. Jernigan, Samuel Ernest Linton Anderson, Jackson, Staci Bozant O'Neal, attorneys for appellees.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. On January 22, 2004, Pamela Evans filed a complaint against Horace Mann Insurance Company and Leo Hawkins, Jr., in the Circuit Court of Sharkey County. On January 21, 2005, the circuit court granted summary judgment in favor of Horace Mann and Hawkins. Aggrieved by the ruling of the trial court, Evans appeals raising the following issue:
WHETHER OR NOT THE CIRCUIT COURT OF SHARKEY COUNTY ERRED IN ENTERING SUMMARY JUDGMENT IN FAVOR OF HORACE MANN INSURANCE COMPANY AND LEO HAWKINS, JR.
¶ 2. Finding no error we affirm.
¶ 3. In April of 2001, Evans purchased a whole life insurance policy from Horace Mann's agent Leo Hawkins. The 2001 policy provided for a $75,000 whole life death benefit insuring the life of Evans, plus the policy contained two term life riders: a twenty year level term rider for $134,316 and a children's rider for $5,000. Evans set the premiums on automatic monthly bank drafts. However, the bank reported insufficient funds in August, September, October and November. On December 2, 2001, this policy lapsed for nonpayment of premiums.
¶ 4. In March of 2002, Evans contacted Hawkins about purchasing a new policy. This 2002 policy was a whole life policy with $25,000 cash value and two term riders: a twenty-year level term life insurance rider in the amount of $321,410, and a children's term rider for $5,000. This policy remained in force until May 2004, when it lapsed for non-payment.
¶ 5. On January 22, 2004, Evans filed a complaint in the Circuit Court of Sharkey County against Horace Mann and Hawkins, asserting that she was led to believe that she was buying only whole life policies with cash value because of Hawkins's misrepresentation. In preparing for trial, both parties took depositions. Evans was deposed on June 15, 2004. During her deposition she admitted that Hawkins told her, regarding both the 2001 and 2002 policies, that she was receiving one policy that would accrue cash value and would pay a certain amount upon her death. She also went further to state that she never made a claim against these policies; therefore, no claim was ever denied by Horace Mann. She also stated that she did not read the policy. On November 3, 2004, Horace Mann and Hawkins moved for summary judgment which was granted by the Circuit *412 Court of Sharkey County on January 21, 2005.
WHETHER OR NOT THE CIRCUIT COURT OF SHARKEY COUNTY ERRED IN ENTERING SUMMARY JUDGMENT IN FAVOR OF HORACE MANN INSURANCE COMPANY AND LEO HAWKINS, JR.
¶ 6. Evans asserts that Hawkins misrepresented the policies she purchased when he told her that she was purchasing one policy that would accrue cash value, when only one portion of the policy accrued cash value. Evans goes further to state that Hawkins abused his position with respect to Evans, because he was aware that Evans was unsophisticated about insurance products. Horace Mann argues that Evans, during her deposition under oath, admitted that Hawkins sold her policies containing the exact provisions that he represented to her.
¶ 7. This Court follows a de novo standard of review of a trial court granting summary judgment. Mozingo v. Scharf, 828 So.2d 1246, 1249 (¶ 5) (Miss.2002); Owens v. Thomae, 904 So.2d 207, 208 (¶ 7) (Miss.Ct.App.2005). Summary judgment is proper when there are no issues of material fact and the movant is entitled to a judgment as a matter of law. Id.
¶ 8. Evans must prove the elements of fraud to establish fraudulent misrepresentation. Spragins v. Sunburst Bank, 605 So.2d 777, 780 (Miss.1992). There must be clear and convincing evidence that shows a representation, its falsity, its materiality, the speaker's knowledge of its falsity or ignorance of the truth, the speaker's intent that it should be acted upon by the other party and in the manner reasonably contemplated, the hearer's ignorance of its falsity, the hearer's reliance on the truth, his right to rely and his consequent and proximate injury. Martin v. Winfield, 455 So.2d 762, 764 (Miss.1984). Evans admitted in her deposition that Hawkins told her she was getting one policy with a cash value and a certain amount that would go to her children upon her death, and she went further to concede that she got exactly that. Therefore, she has failed to establish a false representation which is a key element to establish fraudulent misrepresentation.
¶ 9. Evans even fails to prove negligent misrepresentation. For her to prove negligent misrepresentation she must prove by a preponderance of the evidence that there was a misrepresentation or omission of a fact, that the representation or omission is material or significant, that there was a reasonable reliance on this omission or misrepresentation, and the failure to exercise reasonable care on the part of the defendant resulted in damages. Spragins v. Sunburst Bank, 605 So.2d at 779. By Evans stating during her deposition what Hawkins explained to her regarding her policy, she proved that there was no misrepresentation. Evans' policy contained exactly what Hawkins told her it would. Secondly, Evans did not die during either policy period; therefore, there was no claim made to Horace Mann for it to deny so no damages resulted. For a party to withstand a summary judgment motion, the party opposing the motion must present significant evidence which demonstrates the existence of triable issues of fact. Reich v. Jesco, Inc., 526 So.2d 550, 552 (Miss.1988). Evans has failed to prove this allegation. Mere allegations are not enough to prevent an award of summary judgment. Id. Therefore, we find that Evans' claims are mere allegations which are unsupported by any reliable significant evidence.
*413 ¶ 10. The Mississippi Supreme Court has stated that a person is under an obligation to read a contract prior to signing it, and will not be heard to complain of an oral misrepresentation which would have been corrected by reading the contract. Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber and Supply Co. Inc., 584 So.2d 1254, 1257 (Miss.1991). Both the 2001 and 2002 insurance policies explained the whole life cash value portion of the policy and both riders. Even if Hawkins had mislead Evans, which we do not find, everything was set forth in the policies, and it was easy to understand. Evans admitted during her deposition that she did not read the policy. Mississippi Case law provides as a matter of law that insureds are bound by the contents of a contract that they enter into even if they have not actually read it. Cherry v. Anthony, Gibbs, Sage, 501 So.2d 416, 419 (Miss.1987). Therefore, we affirm the trial court's granting of summary judgment.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SHARKEY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.